IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN D. OWENS, | ) | CASE NO. 5:08-cv-2490 |
| | ) | |
| Petitioner, | ) | JUDGE ANN ALDRICH |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| MICHELE EBERLIN, Warden | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Petitioner, Kevin Owens ("Owens"), challenges the constitutionality of his conviction in the case of *State v. Owens*, Stark County Court of Common Pleas Case Nos. 2006CR-358, 2006CR-793, and 2006CR-1539. Owens, *pro se*, filed a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on October 21, 2008. On February 23, 2009, Warden Michele Eberlin ("Respondent") filed a Motion to Dismiss. (Doc. No. 7.) Owens filed a Traverse on March 24, 2009.[1] (Doc. No. 10.) This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, it is recommended that Owens's petition be DISMISSED.

---

[1] Owens also filed a Motion for Bail (Doc. No. 3) and a Motion to Expand the Record (Doc. No. 8.)

## I. Procedural History

**A. Conviction**

On March 13, 2006, the Stark County Grand Jury charged Owens with four counts of abandonment and/or failure to provide support to a dependent in violation of Ohio Revised Code ("O.R.C.") § 2919.21(A)(2) and/or (B). (Doc. No. 7, Exhs. 1-3.)

On December 4, 2006, Owens, represented by counsel, pled guilty as charged.

On January 8, 2007, the court sentenced Owens to five years of community control for each conviction. (Doc. No. 6, Exhs. 7-9.)

On August 27, 2007, after Owens was found to have violated the conditions of his release, the court revoked community control and sentenced Owens to consecutive eleven month terms of incarceration for each conviction, for an aggregate term of forty-four months. (Doc. No. 7, Exhs. 10-15.)

**B. Direct Appeal**

Owens did not file a timely direct appeal of his conviction and sentence.

**C. Other State Court Proceedings**

On May 16, 2008, Owens filed a motion for judicial release. (Doc. No. 7, Exh. 16.) His motion was denied on May 21, 2008. (Doc. No. 7, Exh. 17.)

On September 15, 2008, Owens filed a Notice of Appeal with the Court of Appeals for the Fifth Appellate District ("state appellate court") challenging the revocation of his community control. (Doc. No. 7, Exh. 18.) On September 17, 2008, Owens filed a Motion for Delayed Appeal challenging the constitutionality of his convictions. (Doc. No. 7, Exh 19.) On September 24, 2008, the Court of Appeals denied Owens' motion finding that he had not

established good cause for his delay. (Doc. No. 7, Exh. 21.) Owens did not perfect a timely appeal to the Ohio Supreme Court.

On December 18, 2008, Owens filed a motion to vacate the order of restitution. (Doc. No. 7, Exh. 22.) On December 23, 2008, the trial court denied Owens' motion pursuant to *State v. White*, 103 Ohio St. 3d 580 (2004). (Doc. No. 7 Exhs. 23-25.) On January 21, 2009, Owens, *pro se*, filed a Notice of Appeal from the order denying his motion to vacate restitution. (Doc. No. 7, Exh. 26.) No additional state proceedings have transpired.

**D. Federal Habeas Petition**

On October 21, 2008, Owens filed a Petition for Writ of Habeas Corpus and asserted the following grounds for relief:

> GROUND ONE: Trial court lacked subject-matter jurisdiction to accept pleas to indictments that only charged civil conduct.
>
> GROUND TWO: Indictments were prosecuted under joinder and double jeopardy clause prohibited cumulative punishment.

(Doc. No. 1.)

## II. Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

-3-

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

**A.     One-Year Limitation**

In the instant case, Respondent asserts that Owens's Petition is time-barred because it was not filed within the one-year limitations period. He contends that Owens's conviction became final under 28 U.S.C. § 2244(d)(1)(A) on February 16, 2007, when the 30-day period to file a timely notice of appeal expired. From that date, Owens had one year, or until February 15, 2008 to timely file a petition. *See* Fed.R.Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). Owens's Petition was not filed until October 21, 2008. Therefore, absent an alternate beginning date for the period of limitations or the applicability of tolling provisions, Owens's Petition is untimely.

The AEDPA tolls the one-year limitations period during the time while "'a properly filed application for State post-conviction or other collateral review . . . is pending.' § 2244(d)(2) [and t]he time that an application for state postconviction review is 'pending' includes the period

between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006), *quoting Carey v. Saffold,* 536 U.S. 214 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003). Only "properly filed" applications for post-conviction relief or collateral review toll the statute of limitations, and "a state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 128 S. Ct. 2, 3 (U.S. 2007); *Harrison v. Campbell*, 2007 U.S. App. LEXIS 26986 (9th Cir. 2007).

The record clearly demonstrates that Owens did not file a timely direct appeal. As such, Respondent's contention that the statute of limitations began to run on February 16, 2007 is correct.[2] Absent any statutory tolling, Owens had until February 15, 2008 to file a timely habeas petition. Owens did not file any appeal, motion, or petition in state court until he asked for judicial release on May 16, 2008 – three months *after* the statute of limitations had expired. Because the statute of limitations had already expired, subsequent filings had no tolling effect. *See, e.g., Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."), *quoting Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Therefore, unless equitable tolling is appropriate or Owens is entitled to calculate the statute

---

[2] Although Owens was sentenced on January 8, 2007, the trial court did not journalize its judgment entry until January 16, 2007. (Doc. No. 7, Exh. 7.)

of limitations from an alternative beginning date, his petition should be dismissed as time-barred.

**B.   Factual Predicate**

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations may commence later than the date when a petitioner's conviction became final if "the factual predicate of the claim or claims presented" was not discovered by a petitioner, acting with due diligence, until a later date.  Owens has not identified any factual predicate that would justify a later start date for the statute of limitations.  In his Motion to Expand the Record, Owens focuses upon the transcript of the August 27, 2007 revocation hearing.  Nothing that transpired at the hearing could have altered the start date of the limitations period.  Furthermore, none of the authority cited by Owens is applicable.  In fact, his two grounds for relief challenge (1) the court's subject-matter jurisdiction to accept the plea leading to the jurisdiction, and (2) assert a double jeopardy argument.  These grounds implicate the original conviction and sentence – not the subsequent revocation of community control.  As such, the statute of limitations began to run on February 15, 2007.

**C.   Equitable Tolling**

Finally, the Court finds that equitable tolling is not appropriate.  Owens did not raise a tolling argument in his Traverse after Respondent raised the statute of limitations defense.  *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (holding that a petitioner bears the burden of proving that equitable tolling is applicable).

The only semblance of an argument raised by Owens is his statement that "no one, in their right mind, would appeal a favorable decision granting liberty." (Doc. No. 8.)  In order to be entitled to equitable tolling, Owens must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id*.; *see also Griffin v.*

*Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  A court should be "much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal rights."  *Vroman*, 346 F.3d at 605, *quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *accord Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Garrison v. Warren Corr. Inst.*, 1999 U.S. App. LEXIS 13314 (6th Cir. Jun. 10, 1999).  Owens may have felt that there was no need to appeal his conviction because he was pleased with his original sentence allowing him to go free on community control.  This, however, does not provide an adequate basis for equitable tolling.  A defendant, who believes the court issuing his conviction lacks jurisdiction or that the sentence imposed violated the double jeopardy clause, would hardly be "out of their right mind" to file an appeal even if the sentence was limited to community control.  There is no basis for applying the principle of equitable tolling to the instant petition.

### IV.  Conclusion

For the foregoing reasons, it is recommended that this matter be DISMISSED as time barred and that the Motion for Bail and Motion to Expand the Record be DENIED as moot.

                 s/ *Greg White*
                 U.S. Magistrate Judge

Date: April 2, 2009.

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**