UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KEVIN D. OWENS, ) | |
| ) | Case No. 5:08-CV-2490 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE ANN ALDRICH |
| ) | |
| MICHELE EBERLIN, Warden ) | Magistrate Judge Greg White |
| ) | |
| Respondent. ) | |
| ) | MEMORANDUM AND ORDER |
| ) | |

Petitioner Kevin Owens ("Owens") filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1). Owens pled guilty to four counts of abandonment and/or failure to provide support to a dependent in violation of Ohio Revised Code § 2919.21. Originally sentenced to five years of community control, Owens was later sentenced to incarceration of forty-four months for violations of the conditions of his release.

The petition was referred to Magistrate Judge White for a report and recommendation ("R&R"), who recommended on April 2, 2009 that Owens's petition be dismissed as time barred. (Doc. No. 11.). Owens filed his objections to the R&R on April 13, 2009. (Doc. No. 12.). For the following reasons, the court adopts the R&R and dismisses Owens's petition.

**I.    Standard of Review**

Federal Rule of Civil Procedure 72(b) requires this Court to review *de novo* any portion of the magistrate's disposition to which specific objections have been made. Similarly, Local Rule 72.3(b) requires that objections "specifically identify the portions of the proposed findings,

1

recommendations, or reports to which objection is made and the basis for such objections." A district judge "shall make *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." *Id*. However, "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Curie*, 50 F.3d 373, 380 (6th Cir. 1995).

## II. Discussion

Owens objects to the R&R's application of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Specifically, Owens states that he could not petition for a writ of habeas corpus because he was not "in custody" when he was found guilty. Owens was originally sentenced to five years of community control for each of his four convictions. Owens alleges that the "in custody" requirement for a federal court to have jurisdiction over a petition for a writ of habeas corpus is actual incarceration. Therefore, he states that the statute of limitations under AEDPA could not have begun to run on February 16, 2007, when his conviction became final pursuant to 28 U.S.C. § 2244(d)(1)(A). However, this interpretation of "in custody" is incorrect. The Supreme Court's "interpretation of the 'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus*." Maleng v. Cook*, 490 U.S. 488, 490 (1989). In Owens's brief he states that he was sentenced to "community control/probation." (Doc. No. 12.). However, a person on probation is still considered "in custody." "For a federal court to grant § 2254 relief, the petitioner must be in custody pursuant to the judgment of a state court. Although a petitioner need not be physically confined as a result of the challenged state action in

order to satisfy the 'in custody' requirement, the actual or potential restraint on his liberty must be severe and immediate, such as occurs when he is released subject to certain conditions and restrictions on parole, probation, or bail." *Lewis v. Randle*, 36 Fed. Appx. 779, 780-81 (6th Cir. 2002) (quoting *Maleng*, 490 U.S. at 491.). Owens knew that there was "potential of incarceration" and was required to pay supervision costs and perform community service. (Doc. No. 12.). These conditions satisfy the "in custody" requirement.

Because Owens was considered "in custody" as of January 8, 2007, Magistrate Judge White accordingly found that the statute of limitation for bringing a petition for a writ of habeas corpus ran out on February 15, 2008. Further, Magistrate Judge White reasonably decided that there was no cause for equitable tolling because the only reason Owens did not file the petition sooner was that Owens was initially only sentenced to community control. Therefore, Owens has failed to raise any objections clear enough to enable this court to discern any dispositive and contentious issues.

**III.    Conclusion**

For the reasons set forth above, Owens has failed to make proper objections, waiving further review of the R&R. Accordingly, the court adopts the well-reasoned and thorough R&R in its entirety, and for the reasons stated therein, dismisses Owens's petition for habeas corpus relief.

Because the warden has not filed an objection and Owens has failed to file any proper objection, the parties have waived their rights to appellate review. *Miller*, 50 F.3d at 380. Therefore, this order is final, but not appealable.

IT IS SO ORDERED.

*s/ Ann Aldrich*
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: July 7, 2009**